UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

HEATHER V. VAILE,                                             No. 08-11135

                Debtor(s).
_____/

Memorandum on Motion for Contempt
_____

     Robert Scotlund Vaile is a stranger to this court. He has never filed a bankruptcy petition and is not entitled to any protection from this court. However, his wife Heather Vaile is a debtor who received a discharge from this court. The court is obligated to protect her rights, which extend by operation of law to all community property of her current marriage to Robert Vaile.

     Robert Vaile owes back child support to a former wife. Obligations for child support are excepted from discharge by § 523(a)(5) of the Bankruptcy Code. Child support may be collected from both Heather and Robert Vaile as permitted by state law.

     Robert Vaile also owes a large federal tort judgment incurred for stealing the children of his former marriage. This debt was discharged as to community property by Heather Vaile's bankruptcy. Community property, including Robert Vaile's income, is not liable for this debt pursuant to § 524(a)(3) of the Bankruptcy Code.

     Nothing above is subject to any dispute. The only problem in this case is that somehow - the exact mechanism is not clear - enforcement of the federal judgment has come within the purview of a

1

Nevada family law court. In order to make it clear that the federal judgment cannot be enforced as a support obligation, the court issued a judgment on May 27, 2011, enjoining the collection from community property of the current marriage any judgment or order of the Nevada family law court to the extent that the judgment or order is based on the federal tort judgment. Enforcement of judgments or orders made independently of the federal tort judgment is permitted.

In February, 2012, the former spouse applied for and obtained an order to show cause against Robert Vaile. Nothing in the application or the order to show cause violates this court's order on its face. Heather Vaile asks the court to imply a violation by assuming that Robert Vaile has no separate property. With that assumption, she asks this court to infer that the threat of incarceration is an attempt to coerce Robert Vaile to pay the federal tort judgment from community funds. In response, counsel for the former spouse has obtained an amended order to show cause from the state family law court omitting any reference to the federal tort judgment. He calls the original application and order to show cause an "unintended drafting error."

Since the questionable provisions have been removed, and since the actions themselves did not clearly violate this court's order, the request for a finding of contempt will be denied without prejudice. However, the former spouse and her counsel are warned to tread lightly in the future where enforcement of the federal tort judgment is concerned. As far as this court is concerned, the state family law court can lock Robert Vaile up and throw away the key, but it must be for failure to pay support and not failure to pay the federal tort judgment. The latter may be enforced only against Robert Vaile's separate property and only by enforcement methods appropriate to a federal tort judgment, not by methods reserved for support obligations.

The court will enter an appropriate order.

Dated: May 14, 2012

Alan Jaroslovsky
U.S. Bankruptcy Judge